

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2000

# United States v. Dees

Precedential or Non-Precedential:

Docket 99-4054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Dees" (2000). *2000 Decisions.* Paper 127.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/127

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 12, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-4054

UNITED STATES OF AMERICA,

      Appellant

v.

JOSEPH DEES

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 99-00122)
District Judge: Honorable Donald E. Ziegler

Argued: May 12, 2000

BEFORE: GREENBERG and MCKEE, Circuit Judges,
and SHADUR,* District Judge

(Filed: June 12, 2000)

      Harry Litman
      United States Attorney
      Paul J. Brysh (argued)
      Assistant U.S. Attorney
      633 U.S. Post Office & Courthouse
      Pittsburgh, PA 15219

       Attorneys for Appellant

_____
* Honorable Milton I. Shadur, Senior United States District Judge for the
Northern District of Illinois, sitting by designation.

        Shelley Stark
        Federal Public Defender
        Karen Sirianni Gerlach (argued)
        Assistant Federal Public Defender
        415 Convention Tower
        960 Penn Avenue
        Pittsburgh, PA 15222

         Attorneys for Appellee

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter comes on before this court on an appeal by
the Government from an order entered November 30, 1999,
dismissing an indictment of the defendant, Joseph Dees,
charging him with unauthorized use of access devices to
obtain money, goods, and services aggregating more than
$1,000 in value in a one-year period, in violation of 18
U.S.C. S 1029(a)(2) ("section 1029(a)(2)"). The district court
dismissed the indictment on Dees's motion as it agreed
with him that the statute of limitations barred the
prosecution. The district court had jurisdiction under 18
U.S.C. S 3231 and we have jurisdiction under 18 U.S.C.
S 3731. See 18 U.S.C. S 3282. We exercise plenary review
on this appeal. See United States v. Stewart, 185 F.3d 112,
123 n.4 (3d Cir.), cert. denied, 120 S.Ct. 618 (1999).

The indictment charged that from March 24, 1994,
through on or about July 29, 1994, Dees used access
devices, i.e., credit cards, "to obtain money, goods, and
services aggregating more than $1,000 in value, within a
one-year period; said offense affecting interstate commerce."
The Government proposes to prove three purchases in
support of the charge: (1) an automobile purchase of
$6,368.20 on March 24, 1994; (2) a chair purchase of
$2,000 on March 25, 1994; and (3) a cellular telephone
purchase of $100 on July 29, 1994.

2

In moving to dismiss the indictment on statute of limitations grounds Dees pointed out that section 1029(a)(2) provides:

> whoever . . . knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period . . . shall, if the offense affects interstate or foreign commerce, be punished. . . .

Dees argued that inasmuch as the grand jury returned the indictment on July 22, 1999, 18 U.S.C. S 3282, which states that, except as otherwise provided by law or in a capital offense, an indictment must be found "within five years next after such offense shall have been committed," barred the prosecution. He contended that the first two purchases constituted offenses in themselves completed more than five years before the indictment was returned, as these purchases each exceeded the $1,000 threshold in section 1029(a)(2). Accordingly, there could have been a separate indictment for each of those purchases. Thus, he contended that their prosecution in the three-purchase indictment was barred. In his view, it therefore followed that the indictment had to be dismissed because hisfinal use of a credit card did not enable him to obtain a thing equaling $1,000 or more in value.

The district court granted the motion on the theory that the original two purchases were not within the five-year period before the return of the indictment. It thus held that "the only fraudulent act that is timely for purposes of this statute of limitations occurred on July 29, 1999, and this use does not satisfy the statutory minimum of $1,000." The court did not suggest that its result might have been different if the first two purchases in themselves did not result in Dees obtaining something aggregating $1,000 or more in value.

II. DISCUSSION

We will reverse for the following reasons. Section 1029(a)(2) provides that the offense constitutes the use of

the access device "during any one-year period" to obtain anything of value aggregating $1,000 or more. (Emphasis added.) Inasmuch as there is no cap on the value of individual transactions within the one-year period which can be aggregated to reach the $1,000 threshold, it is simply beyond doubt that the indictment properly charged a violation for a period ending within five years prior to the return of the indictment. Therefore, laying aside Dees's assertion of a statute of limitations defense, there would be no reason for a court to dismiss the indictment. While we do not doubt that the Government could have obtained separate indictments for the first two transactions, that circumstance does not in any way detract from the conclusion that all three transactions could be prosecuted in a single indictment. See United States v. King, 200 F.3d 1207, 1212-13 (9th Cir. 1999) (even though individual fraudulent banking transactions in a bank scheme can be charged separately, they can be charged in one indictment which will not thereby be duplicitous). It therefore follows that the offense as actually charged was completed July 29, 1994, the date of the last purchase, and, as the statute of limitations started running at that time, the court should have denied Dees's motion to dismiss as the indictment was returned on July 22, 1999, a date within five years of July 29, 1994. See Toussie v. United States, 397 U.S. 112, 115, 90 S.Ct. 858, 860 (1970).

We, of course, recognize that a distinction for statute of limitation purposes could be made between the situation here and that in which the first two purchases were for less than $1,000 in the aggregate, in which event only with the third purchase could the $1,000 threshold be met. In that circumstance, surely the offense could not be complete until the third purchase was made, and thus if the third purchase was within five years of the indictment, the indictment on any theory would be timely. But this distinction from the circumstances here does not matter because as we have emphasized already, Congress has defined the offense as obtaining "anything of value aggregating $1,000 or more during" any one-year period. Congress, however, did not provide that any particular transaction within the one-year period had to be of any particular amount. Nor did it provide that if a transaction

4

in itself exceeded the $1,000 threshold, the transaction could not be aggregated with later transactions so as to constitute a single offense. We, of course, will not write such an exception to the plain language of section 1029(a)(2) into the law. Therefore, we conclude that inasmuch as the offense is defined as activity"during any one-year period," the offense is complete as to any one-year period when there is or are unauthorized uses of access devices, and the aggregated value of things obtained through the use of those access devices within the one-year period ending on its last day equaled or exceeded $1,000. Thus, at that time the offense will be completed for that period and the statute of limitations will start to run. See Toussie, 397 U.S. at 115, 90 S.Ct. at 860.

While we reach our conclusion on the basis of the clear language of section 1029(a)(2), we point out that our result is certainly not unfair to Dees. As we have made clear, it could not be argued successfully that if the $1,000 threshold would have been met only by inclusion of the third purchase that this action would be barred. Indeed, in his brief Dees in effect agrees with the point as he in part relies on the fact that the first two purchases constituted complete offenses in themselves.

We also point out that in Toussie, 397 U.S. at 114-15, 90 S.Ct. at 860, the Court indicated that a statute of "limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." If, as we believe is beyond doubt, this prosecution would have been timely if the third purchase had been necessary for the $1,000 threshold to have been met, we do not comprehend how Dees has been prejudiced merely because the first two purchases were for more than $1,000 in themselves. Surely it would not be thought that a person engaging in transactions possibly involving the use of an unauthorized access device keeps records taking into account whether individual transactions did or did not exceed the $1,000 threshold, retaining records longer for transactions not equaling the threshold.

5

It also is important to recognize that our result does not mean that a defendant must guard against being prosecuted for stale transactions. After all, inasmuch as the one-year period will close with the last transaction charged, the elements of the offense cannot include transactions more than one year prior to the last transaction charged in the indictment, and that transaction must be withinfive years of the return of the indictment.1

In reaching our result, we have not overlooked our opinion in United States v. Turcks, 41 F.3d 893 (3d Cir. 1994), where we held that there could be multiple prosecutions and convictions under section 1029(a)(2) for individual transactions within a one-year period equaling or exceeding the $1,000 threshold. Id. at 899-901. Our conclusion is consistent with Turcks because we did not hold in that case that individual transactions could not be aggregated and prosecuted in a single case merely because they could have been prosecuted individually.

We recognize that the parties in their briefs discuss whether a violation of section 1029(a)(2) constitutes a "continuing offense." We, however, decide this case without the use of such a label which in view of the plain language of section 1029(a)(2) can add nothing to our analysis. Moreover, we recognize that section 1029(a)(2) is not a statute contemplating an indeterminate time period for the commission of the offense as is true in a conspiracy case which is the "classic example of a continuing offense." See United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999). Thus, we question whether section 1029(a)(2) should be characterized as a statute involving a continuing offense.

Finally, we observe that we are not concerned here with a situation in which the Government attempts to use a single transaction to establish that a defendant committed more than one section 1029(a)(2) offense. It will be time enough to address that situation in the unlikely event that it ever arises. Moreover, we are not passing on any substantive issues that Dees has raised. Rather, we hold

_____

1. Thus, this case does not involve the possibility of stale prosecutions the court identified in United States v. Yashar, 166 F.3d 873, 878-79 (7th Cir. 1999).

only the district court should not have dismissed the case on the ground that the statute of limitations barred the prosecution.

III. CONCLUSION

For the foregoing reasons, the order entered November 30, 1999, dismissing the indictment will be reversed and the matter will be remanded to the district court for further proceedings.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

7