**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-3312

UNITED STATES OF AMERICA

v.

KAREN E. RAMM,
                    Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-17-cr-00081-001)
District Judge: Honorable John E. Jones, III

Submitted under Third Circuit LAR 34.1(a)
on June 24, 2021

Before: *CHAGARES, PORTER, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 15, 2022)

OPINION**

---

* Judge Chagares assumed Chief Judge status on December 4, 2021.

** This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

ROTH, Circuit Judge.

Karen Ramm pleaded guilty to one count of bank fraud. Before she did, Ramm moved to dismiss the indictment, contending that the applicable statute of limitations barred the bank-fraud charge. The District Court denied her motion. Ramm's appeal concerns only whether the statute of limitations precluded the bank-fraud charge—the indictment's single count. The bank-fraud charge is not time-barred, so we will affirm the District Court's judgment.

**I**

From February 2000 to June 2010, Ramm worked for a financial institution that operated under various names, including Commerce Bank, Metro Bank, and First National Bank. Ramm held several positions at the financial institution: commercial-loan officer, credit-services manager, and loan-group president. Taking advantage of her positions, Ramm originated seven loans between September 2001 and July 2003 in the name of a customer with whom Ramm had a personal relationship. Ramm provided and approved materially false information as part of these loan applications. According to the government, Ramm originated these loans as a scheme to defraud her employer.

Ramm originated the last loan in July 2003. In the indictment, the government alleges that Ramm increased the loan in 2004 and quickly transferred the proceeds to an account under her control. The government also alleged that, in May 2017, Ramm extended the last loan for three years.

In March 2017, a grand jury indicted Ramm on one count of bank fraud. Ramm moved to dismiss the indictment. Ramm claimed that the statute of limitations precluded

2

the indictment's only count. The District Court denied the motion. Ramm then pleaded guilty, reserving the right to appeal the denial of her motion to dismiss. She received a sentence of twelve months and one day imprisonment. Ramm appealed.

## II[1]

Ramm's appeal presents a single issue: Whether the applicable statute of limitations bars the bank-fraud charge. A defendant commits bank fraud when he "knowingly *executes*[ ] . . . a scheme or artifice—(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, . . . or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises[.]"[2] The plain text of the bank-fraud statute focuses on each "execution" of a scheme to defraud.[3] We have held that a defendant "executes" a scheme to defraud when his action is "substantively and chronologically independent from the overall scheme."[4]

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction over Ramm's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We apply plenary review to a district court's denial of a motion to dismiss. *See, e.g.*, *United States v. Dees*, 215 F.3d 378, 379 (3d Cir. 2000). We review the factual findings underlying a district court's decision for clear error. *See, e.g.*, *United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011).

[2] 18 U.S.C. § 1344 (emphasis added); *see, e.g.*, *United States v. Goldblatt*, 813 F.2d 619, 624 (3d Cir. 1987).

[3] *United States v. Sain*, 141 F.3d 463, 473 (3d Cir. 1998) ("By its plain language, the statute criminalizes each knowing '*execution*' of the fraudulent scheme . . .."); *see also United States v. Doost*, 3 F.4th 432, 438 & n.3 (D.C. Cir. 2021); *United States v. Schwartz*, 899 F.2d 243, 248 (3d Cir. 1990).

[4] *Sain*, 141 F.3d at 473 (internal quotation marks omitted) (quoting *United States v. Harris*, 79 F.3d 223, 232 (2d Cir. 1996), *cert. denied*, 519 U.S. 851 (1996)).

At the outset, we note that Ramm and the government agree about two key aspects integral to the appeal's resolution. First, the applicable statute of limitation is ten years.[5] Second, the only action alleged by the United States that occurred within ten years of the March 2017 indictment is Ramm's May 2007 loan extension. For this reason, Ramm's appeal turns on whether her May 2007 loan extension amounted to a distinct "execution" of her scheme.

We hold that it did. We do so because Ramm's May 2007 loan extension was chronologically and substantively independent of her bank-fraud scheme. Ramm does not seriously contest that the May 2007 loan extension occurred separately from any other action alleged in the indictment. Ramm requested the loan extension about *four years* after she allegedly originated the loan and about *three years* after she purportedly increased that loan's amount. Ramm's three-year extension amounts to a substantively independent "execution" because Ramm specifically "ask[ed] the bank[ ] to extend the" loan.[6] Moreover, in her request for extension, Ramm provided false information to persuade the bank to modify and delay by four years the "extension/review" date of the loan. This increased the bank's risk of loss.[7]

---

[5] *See* 18 U.S.C. § 3293.
[6] *See Harris*, 79 F.3d at 232. *Harris* is persuasive here. There, the United States Court of Appeals for the Second Circuit held that *six* extensions of a loan agreement were each substantively and chronologically independent executions of a bank-fraud scheme. *Id.*
[7] *United States v. Longfellow*, 43 F.3d 318, 324–25 (7th Cir. 1994).

In sum, Ramm completed a distinct "execution" of her scheme to defraud her employer when she completed the May 2007 loan extension.[8] Thus, Ramm "executed" her scheme to defraud her employer within the ten-year statute of limitations.

\* \* \*

The District Court correctly denied Ramm's motion to dismiss because the statute of limitations did not preclude the bank-fraud charge. We will affirm the judgment of the District Court.

---

[8] Ramm asserts that the bank-fraud charge is time-barred because she last received funds in 2004. Appellant's Opening Br. at 13–16. Ramm essentially contends that a distinct "execution" of a bank-fraud scheme is actionable only if it causes a financial loss to the defrauded financial institution. *See id.* Ramm's argument rings hollow. *See, e.g.*, *Longfellow*, 43 F.3d at 324 ("Although Longfellow himself received *no additional cash* as a result of the refinancing, he deprived the Credit Union of an opportunity for reimbursement through foreclosure." (emphasis added)); *United States v. Hord*, 6 F.3d 276, 282 (5th Cir. 1993) (explaining that "risk of loss, not just loss itself, supports conviction").